**MUSICK, PEELER & GARRETT LLP**

624 South Grand Avenue, Suite 2000
Los Angeles, California 90017-3383
Telephone (213) 629-7600
Facsimile (213) 624-1376

Steven J. Elie (State Bar No. 130566)
*s.elie@musickpeeler.com*
Laura K. Kim *(State Bar No. 197944)*
*l.kim@musickpeeler.com*

Attorneys For Defendant
STATE FARM GENERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MAZLIACH GAMLIEL AND PNINA GAMLIEL, INDIVIDUALLY AND AS TRUSTEES OF THE GAMLIEL FAMILY TRUST DATED JULY 31, 2008,<br><br>     Plaintiffs,<br><br>     vs.<br><br>STATE FARM GENERAL INSURANCE COMPANY, AN ILLINOIS CORPORATION, AND DOES 1 TO 25, INCLUSIVE<br><br>     Defendants. | Case No. 2:21-cv-03427 MWF (DFMx)<br><br>(Case Assigned to Hon. Michael W. Fitzgerald)<br><br>**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND/OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:          March 7, 2022<br>Time:          10:00 a.m.<br>Courtroom.:  5A<br><br>(Filed concurrently with Memorandum of Points and Authorities; Statement of Uncontroverted Facts and Conclusions of Law; Compendium of Evidence; Declarations of Sean Moore, Stephanie Rofail, and Laura Kim; and [Proposed] Order)<br><br>Complaint filed:  October 13, 2020<br>Removed:          April 22, 2021<br>Trial:             June 14. 2022 |

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 7, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Michael W. Fitzgerald, United States District Court Judge for the Central District of California, 350 W. First Street, Los Angeles, California 90012, Defendant State Farm General Insurance Company ("State Farm") will and hereby does move this Court for an Order for Summary Judgment, or in the Alternative, Partial Summary Judgment in its favor, pursuant to Rule 56 of the Federal Rules of Civil Procedure, finding that no genuine issue of material fact exists as to the following:

Issue No. 1:  State Farm did not breach its duty under the contract.

Issue No. 2:  State Farm did not breach the implied covenant of good faith and fair dealing.

Issue No. 3:  Plaintiff's request for declaratory relief is moot.

Issue No. 4:  State Farm is not liable for punitive damages.

State Farm is entitled to judgment as a matter of law as to Plaintiffs' complaint in this action for the following reasons:

1.     Plaintiffs' first claim for breach of the duty of good faith and fair dealing lacks merit because the undisputed facts show that there is no coverage for Plaintiffs' claim under Homeowners policy no. 71-GS-D348-2 issued to Mazliach and Pnina Gamliel for the coverage period of October 7, 2019 to October 7, 2020 (the "Policy"), and that State Farm acted reasonably and with proper cause in the investigation and handling of their claim.

2.     Plaintiffs' second claim for breach of contract lacks merit because the undisputed facts show that Plaintiffs failed to meet their burden of proving that there is coverage for the water damage claim under the Policy.  Additionally, Plaintiffs failed to meet their burden of proving that they sustained damages as a result of any alleged breach of contract, and therefore they cannot establish an essential element

of their case and on which they will bear the burden of proof at trial.

3.    Plaintiffs' third claim for Declaratory Relief lacks merit because the undisputed facts show that the truth of State Farm's defense that there is coverage for the water damage claimed under Policy.  In addition, this cause of action has become moot because legal relief has accrued through other causes of action, and, as such, the claim is completely without merit.

4.    Plaintiffs' claim for punitive damages lacks merit because they cannot meet their burden of proving that State Farm breached the implied covenant of good faith and fair dealing, nor can they show by clear and convincing evidence that State Farm acted with malice, oppression or fraud in connection with their claim.

This Motion is made following the Conference of Counsel required by Local Rule 7-3, which took place on January 31, 2022.  (Declaration of Laura Kim, at ¶7.)

This Motion is based upon this Notice of Motion, Memorandum of Points and Authorities, Statement of Undisputed Facts and Conclusions of Law, the Declarations of Sean T. Moore, Stephanie Rofail, and Laura K. Kim, and the exhibits attached thereto, the Court files and records in this action, such other matters of which this Court may take judicial notice, and argument or evidence as may be presented at the time of the hearing.

DATED:  February 7, 2022          MUSICK, PEELER & GARRETT LLP


By: _____
Steven J. Elie
Laura K. Kim
Attorneys for Defendant STATE FARM
GENERAL INSURANCE COMPANY

MUSICK, PEELER
& GARRETT LLP

1517338.1

3

Case No. 2:21-cv-03427 MWF (DFMx)

STATE FARM'S NOTICE OF MOTION AND MOTION FOR  SUMMARY JUDGMENT AND/OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT