**MUSICK, PEELER & GARRETT LLP**

624 South Grand Avenue, Suite 2000
Los Angeles, California 90017-3383
Telephone (213) 629-7600
Facsimile (213) 624-1376

Steven J. Elie (State Bar No. 130566)
*s.elie@musickpeeler.com*
Laura K. Kim *(*State Bar No. 197944*)*
*l.kim@musickpeeler.com*

Attorneys For Defendant
STATE FARM GENERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MAZLIACH GAMLIEL AND PNINA GAMLIEL, INDIVIDUALLY AND AS TRUSTEES OF THE GAMLIEL FAMILY TRUST DATED JULY 31, 2008, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE FARM GENERAL INSURANCE COMPANY, AN ILLINOIS CORPORATION, AND DOES 1 TO 25, INCLUSIVE <br><br> Defendants. | Case No. 2:21-cv-03427 MWF (DFMx) <br><br> (Case Assigned to Hon. Michael W. Fitzgerald) <br><br> **DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** <br><br> [Filed concurrently with Response to Gamliel's Statement of Genuine Disputes of Material Fact and Conclusions of Law, and Evidentiary Objections] <br><br> Date: March 7, 2022 <br> Time: 10:00 a.m. <br> Courtroom.: 5A <br><br> Complaint filed: October 13, 2020 <br> Removed: April 22, 2021 <br> Trial: June 14. 2022 |

**MUSICK, PEELER & GARRETT LLP**

1539209.1        Case No. 2:21-cv-03427 MWF (DFMx)

DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

# **TABLE OF CONTENTS**

**Page**

I.     SUMMARY OF REPLY ................................................................................ 1

II.    PLAINTIFFS' OPPOSITION DOES NOT RAISE A GENUINE ISSUE OF FACT FOR TRIAL ............................................................ 2

      A.      Plaintiffs' Claimed Factual Disputes Do Not Prove Coverage .............. 3

      B.      Plaintiffs' Attempt to Re-Cast the CRSL Exclusion Does Not Create Coverage ................................................................................ 4

III.   PLAINTIFFS FAILED TO MEET THEIR BURDEN OF PROVING COVERAGE AND THEREFORE CANNOT PROVE BREACH OF CONTRACT OR BREACH OF THE IMPLIED COVENANT ..................... 5

      A.      Plaintiffs Did Not Present Admissible Evidence Showing That Coverage Exists Under the Policy For Their Damages ......................... 5

      B.      The CRSL Exclusion Is Not Ambiguous ...................................... 6

      C.      The Undisputed Evidence Shows The CRSL Exclusion Applies and State Farm's Reliance Thereon is Justified ....................................... 7

      D.      The Undisputed Facts Show That In Any Event, State Farm Acted Reasonably In Investigating And Denying Plaintiffs' Claim ............................................................................................. 8

      E.      The Genuine Issue Doctrine Applies To Preclude Plaintiffs' Recovery Here ....................................................................... 11

IV.   STATE FARM IS ENTITLED TO JUDGEMENT AS A MATTER OF LAW ON PLAINTIFFS' COUNT FOR DECLARATORY RELIEF ........... 12

V.     STATE FARM IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' PUNITIVE DAMAGES CLAIM ........................................ 12

VI.   CONCLUSION AND REQUEST FOR RULING ....................................... 13

MUSICK, PEELER
& GARRETT LLP

1539209.1            i            Case No. 2:21-cv-03427 MWF (DFMx)

DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

# **TABLE OF AUTHORITIES**

**Cases**                                                                                              **Page(s)**

*Alex R. Thomas & Co. v. Mutual Service Casualty Ins. Co.*
    (2002) 98 Cal.App.4th 66 ........................................................................................ 2

*Aydin Corp. v. First State Ins. Co.*
    (1998) 18 Cal.4th 1183 ............................................................................................. 5

*Careau & Co. v. Sec. Pacific Business Credit, Inc.*
    (1990) 222 Cal.App.3d 1371 ............................................................................... 9, 11

*Century Surety Co. v. Polisso*
    (2006) 139 Cal.App.4th 922 .................................................................................. 12

*Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*
    (2001) 90 Cal.App.4th 335 ............................................................................. *passim*

*Cruz v. HomeBase*
    (2000) 83 Cal.App.4th 160 ..................................................................................... 13

*Franceschi v. American Motorists Ins. Co.*
    (9th Cir. 1988) 852 F.2d 1217 ............................................................................... 12

*Freedman v. State Farm Ins. Co.*
    (2009) 173 Cal.App.4th 957 ................................................................................. 6, 7

*Garvey v. State Farm Fire & Cas. Co.*
    (1989) 48 Cal.3d 395 .............................................................................................. 11

*Gershowitz v. State Farm*,
    2021 WL 6752322 (C.D. Cal., Dec. 29, 2021) ......................................................... 7

*Guebara v. Allstate Ins. Co.*
    (9th Cir. 2001) 237 F.3d 987 ................................................................................. 11

*La Bato v. State Farm Fire and Casualty Co.*
    (1989) 215 Cal.App.3d 366 ...................................................................................... 2

*Merritt v. Reserve Ins. Co.*
    (1973) 34 Cal.App.3d 858 .................................................................................. 9, 11

MUSICK, PEELER
& GARRETT LLP

1539209.1                                    ii                          Case No. 2:21-cv-03427 MWF (DFMx)

DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT AND/OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

*Opsal v. United Services Auto. Assn.*
  (1991) 2 Cal.App.4th 1197 ...................................................................................... 11

*Overland Plumbing, Inc. v. Transamerica Ins. Co.*
  (1981) 119 Cal.App.3d 476,483 ................................................................................ 6

**Statutes**

*Cal.Civ.Code* §3294(b) ............................................................................................ 13

**Other Authorities**

*Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions*,
  §§14:102.5, 14:102.7 and 14:329 ............................................................................. 1

MUSICK, PEELER
& GARRETT LLP

1539209.1

iii

Case No. 2:21-cv-03427 MWF (DFMx)

DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT AND/OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

## I.    SUMMARY OF REPLY

State Farm General Insurance Company's ("State Farm") Motion, supported by fifty-seven (still) undisputed material facts, set forth a detailed description as to why State Farm believes it is entitled to Summary Judgment or, alternatively, partial summary judgment as to Plaintiffs' breach of contract, bad faith and punitive damages claims.  In sum, State Farm proved that it did not breach the contract, that even if the Court disagrees with State Farm on the breach of contract claim, there is no bad faith here as State Farm conducted a reasonable investigation under the circumstances and there is in fact a genuine issue as to coverage.  Finally, State Farm's Motion showed that there is no evidence, let alone clear and convincing evidence, that State Farm acted with malice, oppression or fraud in this case.

Plaintiffs' Opposition attempts to distract the Court from the Motion State Farm brought by ignoring State Farm's actual statements, actions and the actual wording of its denial letters, referring the Court to alleged "facts" which do not affect the coverage determination (e.g., a supposed leaky toilet), misstating the Motion brought by State Farm in an unrelated case currently pending before Judge Stephen Wilson in this Court and re-casting the focus of State Farm's Motion.

Further, Plaintiffs' failure to even address State Farm's fifty-seven Undisputed Facts means they should all be deemed admitted.  *See*, e.g., Rutter Guide Practice Guide, *Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions*, §§14:102.5, 14:102.7 and 14:329.  All the facts necessary for the Court to grant State Farm's Motion are not disputed by Plaintiffs and their arguments do not change the ultimate conclusion that State Farm is entitled to summary judgment.  There are no triable issues as to whether Plaintiffs' loss is excluded due to the application of the unambiguous continuous or repeated seepage or leakage ("CRSL") and wear and tear exclusions.

The undisputed facts also show that the investigation and ultimate denial of Plaintiffs' claim by State Farm was reasonable and not tortious.  Plaintiffs provide

MUSICK, PEELER & GARRETT LLP

1539209.1                                                                    1                                              Case No. 2:21-cv-03427 MWF (DFMx)

DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

no admissible evidence to support their breach of the implied covenant of good faith and fair dealing claim.  Moreover, the genuine issue doctrine applies in this case.  Plaintiffs' purported evidence of bad faith committed by State Farm does not show any ill motives or misconduct of State Farm.  Instead, Plaintiffs mischaracterize normal investigatory activity especially during the time of COVID-19 pandemic and ask the Court to ignore the judgment and observations of  State Farm claim professionals who reviewed the totality of the circumstances in concluding that there is no coverage for Plaintiffs' loss.  At a minimum, there was and is a genuine issue which precludes Plaintiffs from prevailing on their cause of action for breach of the implied covenant of good faith and fair dealing.

Plaintiffs' fails to address State Farm's motion as to their count for declaratory relief.  Therefore, summary judgment should be granted in favor of State Farm.

As to Plaintiffs' claim for punitive damages, Plaintiffs have not provided a scintilla of evidence that would show "oppression, fraud or malice."  As such, State Farm's Motion should be granted in its entirety.

## II.    <u>PLAINTIFFS' OPPOSITION DOES NOT RAISE A GENUINE ISSUE OF FACT FOR TRIAL</u>

In support of its motion, State Farm submitted evidence which showed that, under the policy, Plaintiffs' loss is excluded based on the following exclusions: (a) continuous or repeated seepage or leakage of water from a ... plumbing system," and/or (c) for pipes that fail due to "wear, tear, marring, scratching, deterioration, inherent vice, latent defect, and mechanical breakdown."  (SUF 1-56.)  It then became the Plaintiffs' burden to show a triable issue of fact regarding whether these exclusions applied. (*See, Alex R. Thomas & Co. v. Mutual Service Casualty Ins. Co.* (2002) 98 Cal.App.4th 66, 72. (on motion for summary judgment, defendant insurer may show that the insured's loss is excluded from coverage; plaintiff must then show a triable issue of fact in that regard); *see also, La Bato v. State Farm Fire and*

MUSICK, PEELER & GARRETT LLP

1539209.1

2

Case No. 2:21-cv-03427 MWF (DFMx)

DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

*Casualty Co.* (1989) 215 Cal.App.3d 366, 344.)  Here, the Plaintiffs have failed to meet their burden.

Plaintiffs have failed to show an "accidental direct physical loss to property" as required by the insuring agreement.  In fact, they admit the repaired pipe and the costs associated therewith (the $7,500 bill from the plumber) are excluded.  (*See*, e.g., Opposition at 14:15-28).  Plaintiffs' Opposition submits no evidence (admissible or otherwise) of any covered ensuing loss(es).

### A.   Plaintiffs' Claimed Factual Disputes Do Not Prove Coverage

Plaintiffs misread and misstate evidence in order to support their claims for breach of contract and bad faith.  For example, in an attempt to create triable issues, Plaintiffs contend that State Farm wrongly identified the pipe to be "under" the slab.  But Plaintiffs' focus is misplaced.  State Farm never based the denial of this claim based on the "location of the pipe," and State Farm's Motion does not discuss the location of the pipe as a basis for the Court to grant summary judgment.  Plaintiffs apparently raise this issue to misdirect the argument from the actual basis of State Farm's coverage denial.

Plaintiffs next attempt to create a triable issue of fact by stating that an alleged concurrent toilet leak makes it "practically impossible for Defendant to overcome its burden of proving just when the pipe in question burst."  (Opp. pg. 2, lines 9-11.)  Plaintiffs have failed to acknowledge that the constant flow of water did not stop when they reported fixing the toilet.  Indeed, by Mazliach's own admission, he was advised by Ms. Figoni that the continuous flow was still ongoing despite the Plaintiffs fixing the alleged running toilet.  (Mazliach Decl., ¶4, SUF 54.)  It was only after the pipe was fixed that the continuous water flowed ceased.  (SUF 55.)  Obviously, this alleged toilet leak did not disrupt the continuous or repeated leak that was ongoing at the Property because the first time Plaintiffs knew the continuous leak had stopped was after Mainline fixed the pipe at issue.  (*Id*.) Further, Plaintiffs self-serving declarations do not create a triable issue of fact as

**MUSICK, PEELER & GARRETT LLP**

1539209.1

3

Case No. 2:21-cv-03427 MWF (DFMx)

they fail to show that this purported toilet leak could have been sufficient to cause the magnitude of gradually increasing water usage that occurred.  For example, these suspect declarations do not provide any substantiating evidence that there was in fact a toilet leak.  There are no invoices or declaration from a plumber who repaired the toilet leak submitted in their Opposition or produced in discovery.  Conspicuously missing from Plaintiffs' evidentiary submissions is any explanation as to who, how and when they fixed the toilet leak.  Even assuming that the toilet leak occurred, Figoni told Mazliach that there still existed a continuous leak at the Property. (Mazliach Decl., ¶4, lines 22-25.)  This caused Mazliach to retain Goldak to come out to the Property to locate the leak.  (Mazliach Decl., ¶4, lines 2-27.)  Moreover, contrary to Plaintiffs' assertion, State Farm does not have the burden to prove *when* the pipe in question burst.  Per the policy language, it only has to demonstrate that there was an ongoing continuous leak which State Farm has demonstrated.  Plaintiffs fail to cite any authority to the contrary.

**B.      Plaintiffs' Attempt to Re-Cast the CRSL Exclusion Does Not Create Coverage**

Plaintiffs' opposition is replete with references to "long term" leaks and contrasting statements about "bursts" and lack of mold.  These distractions do not create coverage or change the analysis of the CRSL exclusion which precludes coverage for "continuous or repeated seepage or leakage" from a plumbing system.

Plaintiffs' contentions that this is not a "long term" leak are of no moment as the exclusion relied upon, CRSL, refers to continuous or repeated seepage or leakage, not long-term.  While a finding of mold could be one indicator of a long term leak, the absence of mold does not mean that the loss was not continuous or repeated.  Plaintiffs do not to cite any authority to support their attempted rewriting of the exclusion's plain words.

Plaintiffs also contend that the water bill that suddenly increased by $644, precludes this Court from granting summary judgment in State Farm's favor.  To the

MUSICK, PEELER & GARRETT LLP

1539209.1

4

Case No. 2:21-cv-03427 MWF (DFMx)

DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

contrary, the water bill covering a two month period which was more than double the prior bill coupled with the undisputed fact that the usage continued to increase supports State Farm's denial because it shows that there was, in fact, continuous or repeated seepage or leakage occurring at the Property. (SUF 56.)

## III. PLAINTIFFS FAILED TO MEET THEIR BURDEN OF PROVING COVERAGE AND THEREFORE CANNOT PROVE BREACH OF CONTRACT OR BREACH OF THE IMPLIED COVENANT

Plaintiffs failed to meet their burden to prove facts demonstrating that there is coverage under the policy. *Aydin Corp. v. First State Ins. Co.* (1998) 18 Cal.4th 1183, 1188. They provided no evidence in discovery, disclosures or even in their Opposition to this Motion to show that their water damage claim is covered by the policy. Although they dispute that the policy exclusions apply, they fail to provide admissible evidence to demonstrate that there was accidental direct physical loss caused by a covered cause of loss under the policy. (*See,* State Farm's Objections to Evidence filed concurrently herewith, Declarations of Eyal Gamliel, Cesar Angora, and Ranelle Angora.) Accordingly, State Farm's Motion should be granted in its entirety.

At the very least, a "genuine issue" exists as to whether State Farm had proper grounds to deny this claim in light of the Policy's terms and conditions and the undisputed facts at issue. Application of the "genuine issue" doctrine "becomes a question of law where the evidence is undisputed and only one reasonable inference can be drawn from the evidence." *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.* (2001) 90 Cal.App.4th 335, 346.

### A. Plaintiffs Did Not Present Admissible Evidence Showing That Coverage Exists Under the Policy For Their Damages

As described above, Plaintiffs were required to oppose the motion with admissible evidence (not inadmissible hearsay, opinions, conclusions, and speculation) showing a disputed issue of material fact regarding the applicable

exclusions under the policy. *See, Overland Plumbing, Inc. v. Transamerica Ins. Co.* (1981) 119 Cal.App.3d 476,483. Instead, Plaintiffs offer declarations which are inadmissible on all substantive points (*see,* State Farm's Objections to Evidence) and which, even if containing any admissible evidence, fail to support a theory of coverage or to create a dispute of material fact.

State Farm conducted a reasonable and proper investigation. Based on the information about the claim that Eyal reported as attorney and representative of his parents, Rofail's investigation, her experience handling property claims, water bills and flow charts received from the City, communications from Plaintiffs' State Farm agent, discussions with Plaintiffs' contractors, the terms, provisions and limitations of the policy, Rofail properly determined that Plaintiffs' water damage claim was not covered by the policy based on the exclusions referenced above. (SUF 1-56.) Plaintiffs have not presented any admissible evidence creating a triable issue of fact with regard to State Farm's investigation. Contending that State Farm "ignored glaring evidence that supported coverage" is not admissible evidence.

Therefore, State Farm is entitled to summary judgment.

**B.     The CRSL Exclusion Is Not Ambiguous**

Without citing to any authority, and re-casting the words contained in the exclusion, Plaintiffs state that the CRSL exclusion is ambiguous and should be construed against State Farm. California law is to the contrary.

In *Freedman v. State Farm Ins. Co*. (2009) 173 Cal.App.4th 957, the trial court granted State Farm's motion for summary judgment finding unequivocally that the exclusion for "continuous or repeated seepage or leakage of water" precluded coverage. The court of appeal affirmed because the exclusion was unambiguous and the undisputed facts supported the determination of continuous or repeated leakage. *Id*. at 964. Based on the plain language as approved by *Freedman* (and other cases cited in State Farm's Motion), the CRSL exclusion is not ambiguous. Plaintiffs cannot create ambiguity by re-writing the words in the Policy.

MUSICK, PEELER
& GARRETT LLP

1539209.1

6

Case No. 2:21-cv-03427 MWF (DFMx)

DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

**C.** **The Undisputed Evidence Shows The CRSL Exclusion Applies and State Farm's Reliance Thereon is Justified**

In addition to ignoring the teachings of *Freedman* on the lack of ambiguity, Plaintiffs also ignore its applicability here. First, *Freedman* demonstrates that the CRSL exclusion is not ambiguous and is enforceable on summary judgment. Second, the objective evidence in *Freedman*, as well as here, shows a continuous ongoing leak, knowledge of which the insureds denied. Thus, alleged lack of knowledge of the leak until Plaintiffs were notified by the City is not dispositive of whether it is a continuous leak. More specifically, in *Freedman,* a nail had been driven into the pipe when the contractor was drywalling, and was discovered much later. In this case, there is significant and substantial evidence the leak was continuous, including a review of the water bills and flow charts from the City, being advised by Ranelle Angora that water traveled and wicked up with wall of the decorative paneling in the dining room and that only the concrete was saturated, confirmation from Mark at the leak detection company that a review of the water bills to see when the increase in water bill started would determine the rate/volume of a leak as well as a lack of a sudden inundation of water. (SUF 9, 16, 22, 33-36, Rofail Decl., ¶¶ 12 and 13.) All of this evidence parallels the undiscovered, but continuous leak evidence in *Freedman,* even if the cause there is different.

Plaintiffs' reliance on *Gershowitz v. State Farm*, 2021 WL 6752322 (C.D. Cal., Dec. 29, 2021) is misplaced. In *Gershowitz*, the Court denied **Plaintiffs'** motion for summary judgment on their breach of contract claim[1] finding that a genuine issue of fact existed based on the evidence State Farm submitted in opposition to Plaintiffs' Motion. In contrast, State Farm successfully moved for summary judgment on the Gershkowitz's bad faith and punitive damage claims.

---

[1] Plaintiffs erroneously assert that the Court denied State Farms' Motion for Summary Judgment on the breach of contract claim. State Farm did not move for summary judgment on that claim for relief.

1539209.1

7

Case No. 2:21-cv-03427 MWF (DFMx)

DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

State Farm, faced with a different evidentiary record in that case, did not move on the breach of contract claim.  Here, Plaintiffs have only submitted the conclusions of their plumber that there was a burst.  Cesar Decl., ¶¶4 and 7.  Plaintiffs have failed to submit any admissible evidence that the leak was not "continuous or repeated." (*See also*, Objections to Plaintiffs' Evidence.)  Indeed, if the leak was sudden as the Plaintiffs allege, the City's water flow charts would reflect a sudden spike in the volume of the water.  However, no such event occurred (and Plaintiffs have not pointed to any such spike).  Figoni testified that the flow charts showed a gradual increase of continuous flow starting from May 23 to July 6, 2020 which supports the inference that the leak started as a pinhole leak and gradually got bigger.[2]  (SUF 52-54.)  Simply stated, the undisputed evidence in this case cannot support a finding other than the fact that the leak was "continuous or repeated."

The objective evidence points to an uncovered loss and the application of the CRSL exclusion is proper.  All of the evidence supported a coverage denial as there was no covered, accidental direct physical loss and all of the undisputed evidence pointed to a failure of the pipe due to wear, tear, and deterioration which resulted in a continuous or repeated seepage or leakage of water – a non-covered claim.  (*See*, State Farm's Motion, SUF 1-56.)

### D.     The Undisputed Facts Show That In Any Event, State Farm Acted Reasonably In Investigating And Denying Plaintiffs' Claim

Despite Plaintiffs' best attempts to create a triable issue of fact, Plaintiffs have failed to do so.  Plaintiffs' opposition attempts to characterize and attribute behaviors to State Farm, without any supporting facts.  However, at most, all

---

[2] Plaintiffs' Opposition and Declarations contain many references to this pipe not having a pinhole leak but a "large hole" when uncovered by the Plumber.  It should be noted that the word pinhole only appears four times in State Farm's motion: twice when Eyal's letter was quoted and twice when referring to Ms. Figoni's testimony.

MUSICK, PEELER & GARRETT LLP    1539209.1                                        8                    Case No. 2:21-cv-03427 MWF (DFMx)

DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

Plaintiffs' allegations give rise to are mistakes in the claim handling, which State Farm denies. Mistakes in claim handling do not constitute bad faith. *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.,* 90 Cal.App.4th 335, 346 (2001). Nor does "sloppy or negligent claims handling…rise to the level of bad faith." *Id.* at p. 351. Here, Plaintiffs' claims of bad faith conduct do not rise to the level of "dishonesty, fraud and concealment." *Merritt v. Reserve Ins. Co.* (1973) 34 Cal.App.3d 858, 876. The insurer's conduct must demonstrate "a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act[.]" *Careau & Co. v. Sec. Pacific Business Credit, Inc.,* (1990) 222 Cal.App.3d 1371, 1395.

For example, Plaintiffs contend that State Farm made the decision to deny the claim "by ignoring glaring evidence that supported coverage." (Opp. pg. 2, lines 12-13.) Plaintiffs contend that State Farm committed bad faith because it "never asked to look at the pipe," or give "consideration to the concurrent leaky toilet," or "ignore the fact that there was no mold or other evidence of long-term leakage present." (Opp. pg. 2, lines 17 to 20.) However, Plaintiffs do not state how the answers to the three listed items above would have or even could have affected a coverage decision. With regard to the pipe, Plaintiffs do not state that they have the pipe or provide any basis as to why or how a review of the pipe would affect the coverage determination. Plaintiffs also do not provide admissible evidence as to what they mean by "other evidence of long-term leakage." As stated above, State Farm denied coverage based on the CRSL and wear and tear exclusions and did not deny coverage based on the leak being "long term" – that supposed ground is not contained in the declination of coverage letters. Moreover, State Farm was provided a photo of the pipe and was informed about the leaky toilet from Mr. Fiscus and those issues were considered by State Farm in reaching a decision that there was no coverage under the policy. (Rofail Decl., ¶¶ 6 and 11.) In short, as set forth in the Rofail declaration, State Farm considered the totality of the circumstances before

MUSICK, PEELER & GARRETT LLP

1539209.1

9

Case No. 2:21-cv-03427 MWF (DFMx)

DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

denying the claim and then re-evaluated information it had and took into consideration additional information. That Plaintiffs, their son and lawyers might disagree with the conclusions does not mean that State Farm acted in bad faith.

State Farm's conduct here is not to be judged using hindsight. "[T]he reasonableness of the insurer's decisions and actions must be evaluated as of the time that they were made; the evaluation cannot fairly be made in light of subsequent events that may provide evidence of the insurer's errors." *Chateau Chamberay, supra,* 90 Cal.App.4th at p. 347. Plaintiffs allege that State Farm should be subject to bad faith because it (1) allegedly ignored evidence available to it, i.e., never requested to see the pipe, did not consider the leaky toilet and lack of mold, and verbal statement that the pipe was in the slab (Opp. pg. 16, lines 27-28 to pg. 17, lines 1-4) (addressed above); (2) State Farm allegedly made contact with Plaintiffs' other son Lior, instead of Eyal (Opp. pg. 17, lines 7-10)[3]; (3) State Farm's first contact took 17 days and it's denial took 5 days from first contact (Opp. pg. 17, footnote 17);[4] and (4) Eyal's initial call with a State Farm representative was "unpleasant from the get-go" and the representative allegedly accused Eyal of unduly delaying the claim filing (Opp. 17, line 19 -21.). Although the above allegations are either not supported by admissible evidence or are belied by the undisputed facts, even if assuming that they were true, the conduct referenced above do not rise to the level of dishonestly, fraud or concealment for bad faith damages to be awarded against State Farm. On the last point regarding the contact with Plaintiffs' attorney and son, the only thing before the Court is his contention and

---

[3] As set forth in State Farm's objections, there is no admissible evidence in this record of this supposed contact with this hearsay declarant Lior.

[4] The undisputed evidence on State Farm's motion is that the first contact was within hours of the notification of the claim not 17 days later. Rofail Decl., Paragraph 4, Exhibit 2. There were other attempts to communicate with the Insureds in the next couple of days as well. *Id.*

1539209.1

**MUSICK, PEELER & GARRETT LLP**

10

Case No. 2:21-cv-03427 MWF (DFMx)

assertion as Plaintiffs' attorney/representative.  Plaintiffs have not provided any objective evidence of "unpleasantness" or accusations and, in any event, even lack of being pleasant (by an unnamed person) does not give rise to bad faith liability.

State Farm had proper grounds to deny Plaintiffs' claim, in light of the case law and undisputed facts discussed above.  State Farm fully and fairly investigated Plaintiffs' claim.  Plaintiffs' evidence and arguments merely point to a disagreement with the conclusions of State Farm in denying coverage.  The undisputed facts show that State Farm did consider the information provided by Plaintiffs including the water bills and flow charts from the City and their contractors (*See*, e.g., Rofail Decl., ¶¶ 6-9), they just came to a different conclusion based on an objective review of some of the same evidence.  Plaintiffs have provided no evidence of a conscious or deliberate act (other than the denial itself) [*Careau & Co. v. Sec. Pacific Business Credit, Inc., supra*,] or "dishonesty, fraud and concealment."  *Merritt v. Reserve Ins. Co.,* (1973) 34 Cal.App.3d 858, 876.  Instead, they disagree with the coverage determination made after thoughtful and careful analysis.  There is no dishonesty, fraud, or concealment under the facts of this case.

**E.**     **The Genuine Issue Doctrine Applies To Preclude Plaintiffs' Recovery Here**

As detailed more fully in State Farm's Motion, "[b]ad faith liability cannot be imposed where there 'exist[s] a genuine issue as to [the insurer's] liability under California law.' [Citation.]"  *Opsal v. United Services Auto. Assn.,* (1991) 2 Cal.App.4th 1197, 1205-1206, citing *Safeco Ins. Co. of America v. Guyton*, (9th Cir. 1982) 692 F.2d 551, 557, disapproved on other grounds in *Garvey v. State Farm Fire & Cas. Co.*, (1989) 48 Cal.3d 395, 410-411.  The genuine issue doctrine applies to both legal and factual disputes.  *See*, *Guebara v. Allstate Ins. Co.* (9th Cir. 2001) 237 F.3d 987.

Courts do "not decide which party is 'right' as to the disputed matter, but only that a reasonable and legitimate dispute actually existed."  *Id.,* 90 Cal.App.4th at

MUSICK, PEELER & GARRETT LLP

1539209.1

11

Case No. 2:21-cv-03427 MWF (DFMx)

DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

348, fn. 7 [summary adjudication for carrier on breach of the implied covenant affirmed]. Thus, it does not matter that the insured disputes the carrier's conclusion. *Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 949. Where, as here, a "genuine issue" exists about whether a claim is legitimate, the insurer cannot be liable for breach of the implied covenant for denying the claim. This is true even if a trier of fact later disagrees with the insurer's decision. *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co* (2001) 90 Cal.App.4th 335, 347-351.

Here, the evidence is clear that State Farm reasonably believed and explored all of the evidence and based on the many years of experience in handling claims of the Claims Specialist along with her Team Manager who made the coverage decision, justifiably believed that the predominant cause of this loss was wear, tear, and deterioration causing the pipe to leak and cause continuous or repeated seepage or leakage. The very nature of the dispute here shows a classic case of genuine issue and Plaintiffs' claim for breach of the implied covenant therefore fails.

## IV. STATE FARM IS ENTITLED TO JUDGEMENT AS A MATTER OF LAW ON PLAINTIFFS' COUNT FOR DECLARATORY RELIEF

In their Opposition, Plaintiffs fail to oppose State Farm's Motion concerning their claim for declaratory relief. Therefore, State Farm's alternative Motion for Partial Summary Judgment on this cause of action should be granted this Court.

## V. STATE FARM IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' PUNITIVE DAMAGES CLAIM

Plaintiffs' Opposition provides no evidence of tortious breach of the covenant of good faith and fair dealing, let alone any oppression, fraud, or malice, and certainly cannot meet the high burden of proof by clear and convincing evidence. Under these circumstances, State Farm is entitled to summary judgment on Plaintiffs' punitive damages claim. *Franceschi v. American Motorists Ins. Co*. (9th Cir. 1988) 852 F.2d 1217, 1220 (Applying California law).

MUSICK, PEELER
& GARRETT LLP

1539209.1

12

Case No. 2:21-cv-03427 MWF (DFMx)

Additionally, a plaintiff seeking punitive damages against a corporation must show that the act constituting malice, oppression, or fraud was committed or ratified by an "officer, director, or managing agent." *Cal.Civ.Code* §3294(b); *Cruz v. HomeBase* (2000) 83 Cal.App.4th 160, 163.

Plaintiffs allege that State Farm should be subject to punitive damages because it (1) denied a valid claim, (2) misstated facts, (3) ignored evidence, and (4) failed to investigate the claim thoroughly and objectively.  (Opp. p. 23, lines 1-4.) Although State Farm denies the above allegations, even if assuming that they are true, the conduct referenced above do not rise to the level of malice, oppression, or fraud.  Moreover, Plaintiffs have submitted no admissible evidence, let alone clear and convincing evidence, in support of their punitive damages claim.  Plaintiffs' self-serving conclusory allegations cannot support a punitive damages claim.

As such, State Farm's Motion for Summary Judgment should be granted.

## VI.   CONCLUSION AND REQUEST FOR RULING

State Farm's respectfully submits that its Motion for Summary Judgment or in the alternative, for Partial Summary Judgment be granted.

DATED:  February 18, 2022          MUSICK, PEELER & GARRETT LLP

By: _____
Steven J. Elie
Laura K. Kim
Attorneys for Defendant STATE FARM
GENERAL INSURANCE COMPANY

MUSICK, PEELER & GARRETT LLP

1539209.1

13

Case No. 2:21-cv-03427 MWF (DFMx)

DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT