UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 21-03427-MWF (DFMx) | Date: March 17, 2022 |
| Title: Mazliach Gamliel et al v. State Farm General Insurance Company, et al | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15]

Before the Court is Defendant State Farm General Insurance Company's Motion for Summary Judgment (the "Motion"), filed on February 12, 2022. (Docket No. 15). (Defendant is hereinafter referred to as "State Farm".) Plaintiffs Mazliach and Pnina Gamliel, individually and as trustees of The Camliel Family Trust, filed an Opposition on February 14, 2022. (Docket No. 16). State Farm filed a Reply on February 18, 2022. (Docket No. 17).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on **March 7, 2022**, pursuant to General Order 21-08 arising from the COVID-19 pandemic.

For the reasons set forth below, the Motion is **DENIED** *in part* and **GRANTED** *in part*. Specifically, the Motion is **DENIED** as to Plaintiffs' claim for breach of contract. The Motion is **GRANTED** as to Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing, declaratory relief, and punitive damages.

**I.    BACKGROUND**

This action arises from an insurance claim for water damage to a residential property, Plaintiffs' home, at 517 Foothill Road, Beverly Hills, California (the "Property"). The Property was insured by State Farm when the damage occurred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-03427-MWF (DFMx)         **Date:** March 17, 2022
**Title:** Mazliach Gamliel et al v. State Farm General Insurance Company, et al

(Defendant's Statement of Uncontroverted Facts ("SUF") 1 (Docket No. 15-2)). The following specific facts are based on the evidence submitted on this Motion by both parties and are largely undisputed:

The Property's insurance policy excludes coverage for loss based on the following: (1) "continuous or repeated seepage or leakage of water from a . . . plumbing system," and (b) pipes that fail due to "wear, tear, marring, scratching, deterioration, inherent vice, latent defect, and mechanical breakdown." (SUF 2). The heart of this dispute is whether Plaintiffs' insurance claim for water damage is excluded under one of the above provisions.

Plaintiffs first suspected a water leak when they received a notice from the City of Beverly Hills. The City observed a significant increase in water usage at the Property and contacted Plaintiffs so they could investigate the source of the increase. In a letter dated June 18, 2020, the City stated in part "[w]hile most residential customers have hours of zero water use, your water meter shows continuous water use every hour of the day," "[l]eaks on your property are your responsibility," and "[i]f you cannot find your leak, consider contacting a plumber, gardener, or leak detection company." (SUF 21).

Plaintiffs' initial investigation led them to a leaking toilet in a seldom used bathroom of the home. (Eyal Gamliel Decl. ¶ 5 (Docket No. 16-7)). Plaintiffs repaired the toilet but the water flow issue continued, so they turned to a leak detection company to help locate the source of the water flow. (*Id.*). The leak detection company identified a "cold water slab leak . . . under cabinets." (*Id.*). Plaintiffs' son, Eyal, contacted their State Farm representative for guidance on how to proceed. Eyal claims that State Farm advised him not to file a claim until the leak was located by a plumber. (*Id.* ¶ 6).

The plumber's investigation revealed a burst pipe in the foundation of the home. (Cesar Anorga Decl. ¶ 4 (Docket No. 16-3)). The hole in the pipe was not small (commonly known as a "pinhole"). (*Id.* ¶ 7). The plumber explained that the size of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-03427-MWF (DFMx)          **Date:** March 17, 2022
**Title:**     Mazliach Gamliel et al v. State Farm General Insurance Company, et al

---

the hole indicated a sudden discharge of water caused the pipe to burst – not a slow spray or drip. (*Id*.). The plumber supported his conclusion by noting that he did not observe any signs of long-term water damage such as mold, rot, fungus, odor, or soft wood. (*Id*. ¶ 6).

Following the plumber's report, Eyal filed a water damage claim with State Farm on July 14, 2020. (SUF 4). One hour after Eyal made the claim, a State Farm representative called and said an adjuster would promptly contact him (SUF 5; Eyal Gamliel Decl. ¶ 9); however, the adjuster mistakenly contacted his brother, Lior Gamliel. (Eyal Gamliel Decl. ¶ 10). Once this mistake was discovered, Eyal called State Farm on July 24, 2020, about the insurance claim. (SUF 7). During this call, Eyal provided updates on the repair but admitted that the leak may have been ongoing for up to a month and a half. (SUF 13).

On July 27, 2020, State Farm representative Stephanie Rofail spoke with Eyal again to discuss the facts of the claim. (SUF 14). Eyal confirmed that (1) Plaintiffs were contacted by the City about significant water usage; (2) Plaintiffs noticed loose floor tiles in the home; (3) the home is built on a concrete slab and the plumbing is in the foundation; (4) a leak detection company determined the source of the leak; and (5) Plaintiffs hired a plumber to repair the pipe. (SUF 15). Eyal also reviewed a water-use graph provided by the City, which showed elevated water flow starting around May 23, 2020 through July 6, 2020. (SUF 17). State Farm requested that Eyal provide the City's letter as well as the water bills, and a virtual inspection of the Property was scheduled for July 29, 2020. (SUF 18, 19).

At the conclusion of the virtual inspection, State Farm advised Eyal that Plaintiffs' claim appeared to be excluded under the repeated seepage or leakage of water exclusion. (SUF 26). This verbal warning was subsequently confirmed on July 30, 2020, when State Farm sent a letter to Plaintiffs denying coverage for their water damage claim. (SUF 28).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-03427-MWF (DFMx)        Date:  March 17, 2022
Title:    Mazliach Gamliel et al v. State Farm General Insurance Company, et al

On August 11, 2020, Plaintiffs' State Farm agent Mick Fiscus sent an internal request for State Farm to revisit the denial of Plaintiffs' claim.  (SUF 29).  Specifically, Fiscus noted that (1) the denial letter misstated the location of the leaking pipe as "under" the slab when the pipe was "in" the slab; (2) there was damage to the structure; and (3) Plaintiffs immediately took action after being notified by the City.  (SUF 30).

State Farm agreed to Fiscus's request and reopened its investigation into Plaintiffs' water damage claim.  State Farm spoke with the owner of the plumbing company that repaired Plaintiffs' pipe.  (SUF 33).  The owner stated that she was unable to determine the rate or volume of the water leak, and that only the concrete slab was saturated with water.  (SUF 34–36).  State Farm also spoke with the leak detection company, which clarified that it could not determine the rate or volume of the water leak because the failed pipe was inside of the concrete slab.  (SUF 37).  State Farm was advised that in situations like this one, it is normal to determine the rate of the water leak by reviewing the water bills.  (SUF 38).

State Farm's additional investigation did not change its conclusion.  On August 24, 2020, State Farm sent a revised denial letter to Plaintiffs, explaining that the claim was still excluded under the policy because the damage resulted from a continuous leak due to the failure of the plumbing line from wear, tear, and/or deterioration.  (SUF 43).  This action followed.

## II.  LEGAL STANDARD

In deciding a motion for summary judgment under Rule 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-03427-MWF (DFMx)          **Date:** March 17, 2022
**Title:**     Mazliach Gamliel et al v. State Farm General Insurance Company, et al

     The Ninth Circuit has defined the shifting burden of proof governing motions for summary judgment where the non-moving party bears the burden of proof at trial:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor.

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016) (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). "A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'" *Anderson*, 477 U.S. at 249-50.

## III. DISCUSSION

     Plaintiffs filed three claims for relief: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) declaratory relief. Plaintiffs also pray for punitive damages.

### A. Breach of Contract

     Insurance policies are contracts under California law and "[g]eneral contract rules apply to breach of an insurance contract and the effect of that breach." *Lincoln Nat'l Life Ins. Co. v. Graham*, No. 2:12-CV-02177-SVW-RZ, 2012 WL 12893937, at

---

**CIVIL MINUTES—GENERAL**                                          5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-03427-MWF (DFMx)          **Date:** March 17, 2022
**Title:**     Mazliach Gamliel et al v. State Farm General Insurance Company, et al

\*3 (C.D. Cal. Sept. 6, 2012) (internal citation omitted). "The elements for a breach of contract action under California law are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages to plaintiff as a result of the breach." *Buschman v. Anesthesia Business Consultants LLC*, 42 F. Supp. 3d 1244, 1250 (N.D. Cal. 2014) (citing *CDF Firefighters v. Maldonado*, 158 Cal.App.4th 1226, 1239, 70 Cal.Rptr.3d 667 (2008)).

       Here, the threshold issue is whether the loss suffered by Plaintiffs is covered under the State Farm policy. If the loss is covered, State Farm breached the contract by denying Plaintiffs' insurance claim. *See* Judicial Council of California Civil Jury Instructions No. 2300 (requiring plaintiff to prove loss was covered under an insurance policy to prevail on breach of contract claim).

       California broadly construes grants of insurance coverage but narrowly construes policy exclusions. *Aroa Mktg., Inc. v. Hartford Ins. Co. of Midwest*, 198 Cal. App. 4th 781, 787, 130 Cal.Rptr.3d 466 (2011). The State Farm policy at issue has two relevant exclusions: First, the policy excludes loss caused by "continuous or repeated seepage or leakage of water or steam from a . . . plumbing system." Second, the policy excludes loss incurred from pipes that fail due to "wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown." State Farm moves for summary judgment on the basis that Plaintiffs' loss is excluded under both of these provisions.

       As to the continuous or repeated leakage, State Farm argues that "the undisputed facts indicate the damage to the Property occurred gradually, over a period of time, from a continuous pipe leak in the foundation." (Mot. at 15). State Farm's conclusion is supported by (1) the leak detection company's determination that the loss originated from a failed plumbing supply line in the foundation slab; (2) Plaintiffs never saw water on the floor inside their home, (3) the water bill shows elevated water flow levels from May 23, 2020 to July 6, 2020, and (4) Eyal's initial admission that he believed the leak was ongoing for up to a month and a half. (Mot. at 15).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 21-03427-MWF (DFMx)	Date: March 17, 2022
Title:	Mazliach Gamliel et al v. State Farm General Insurance Company, et al

State Farm, however, fails to appreciate the distinction between favorable facts and undisputed facts necessary to prevail at summary judgment. To contradict State Farm's assertion that the leak was continuous, Plaintiffs offer a declaration from the plumber who repaired the pipe. (*See generally* Cesar Anorga Decl.). Notably, besides Eyal, the plumber is the only declarant to physically examine the burst pipe and the surrounding area. The plumber explicitly disputes State Farm's conclusion. He states that "[t]he pipe had burst in the foundation," and based on his experience, he believes that the hole was caused by "a sudden discharge of a massive amount of water, not a slow spray or drip." (*Id*. ¶¶ 4, 7).

State Farm's "undisputed" conclusion that the pipe failed from wear, tear, or deterioration is similarly flawed. Relying only on testimony from the City's water conservation administrator, State Farm argues that water is a strong enough element to wear down the surface of the pipe, and therefore, the damage from the hole should be excluded under the wear and tear provision of the policy. (Mot. at 16). But the water conservation administrator (1) is not a plumber and (2) never visited the Property. The plumber's testimony is sufficient to dispute this assertion as well.

Accordingly, the Motion as to Plaintiff's breach of contract claim is **DENIED**.

### B.    Implied Covenant of Good Faith and Fair Dealing

"California law recognizes in every contract, including insurance policies, an implied covenant of good faith and fair dealing." *Brehm v. 21st Century Ins. Co*., 166 Cal. App. 4th 1225, 1235, 83 Cal.Rptr.3d 416 (2008). In the insurance context, it requires the insurer to refrain from injuring its insured's right to receive the benefits of the insurance agreement. *Id*. For example, "delayed payment based on inadequate or tardy investigations, oppressive conduct by claims adjusters seeking to reduce the amounts legitimately payable[,] and numerous other tactics" may breach the implied covenant because they frustrate the insured's right to receive benefits. *Waller v. Truck Ins. Exch., Inc*., 11 Cal.4th 1, 36, 44 Cal.Rptr.2d 370 (1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-03427-MWF (DFMx)         **Date:** March 17, 2022
**Title:**     Mazliach Gamliel et al v. State Farm General Insurance Company, et al

---

However, "an insurer's denial of or delay in paying benefits gives rise to tort damages only if the insured shows the denial or delay was unreasonable." *Wilson v. 21st Century Ins. Co.*, 42 Cal.4th 713, 723, 68 Cal.Rptr.3d 746 (2007). The reasonableness of the insurer's refusal to pay is the "ultimate test." *Bosetti v. United States Life Ins. Co. in City of New York*, 175 Cal.App.4th 1208, 1236, 96 Cal.Rptr.3d 744 (2009). When applying the test, courts ask whether the denial of coverage was objectively reasonable because subjective intent is irrelevant. *Id*. (quoting *CalFarm Ins. Co. v. Krusiewicz*, 131 Cal.App.4th 273, 287, 31 Cal.Rptr.3d 619 (2005)).

The objective reasonableness of an insurer's denial is endorsed by the existence of a genuine dispute as to coverage under the policy. "[A]n insurer denying or delaying the payment of policy benefits due to the existence of a genuine dispute with its insured as to the existence of coverage liability or the amount of the insured's coverage claim is not liable in bad faith even though it might be liable for breach of contract." *Wilson*, 42 Cal.4th at 723. This point of law is known as the "genuine dispute doctrine."

In the context of a motion for summary judgment, the genuine dispute doctrine allows a court to grant summary judgment "when it is undisputed or indisputable that the basis for the insurer's denial of benefits was reasonable—for example, where even under the plaintiff's version of the facts there is a genuine issue as to the insurer's liability under California law." *Id*. at 724. In other words, if the Court were to find that the genuine dispute doctrine did not apply, it would be the same as saying that Plaintiffs are entitled to summary judgment on the merits of their contract claim, which is not the case here. Nonetheless, "[a]n insurer cannot claim the benefit of the genuine dispute doctrine based on an investigation or evaluation of the insured's claim that is not full, fair and thorough." *Bosetti*, 175 Cal.App.4th at 1237.

Here, the leaking pipe was completely encased by concrete inside the Property's foundation, which prevented anyone from observing the rate or volume of water that caused the damage. This fact forces both parties to rely on circumstantial evidence to prove the rate of water discharge from the pipe. State Farm relies on the City's water

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 21-03427-MWF (DFMx) | Date: March 17, 2022 |
| Title: Mazliach Gamliel et al v. State Farm General Insurance Company, et al | |

usage records to conclude that the leak was continuous. And Plaintiffs rely on their plumber's testimony to conclude that the hole in the pipe was caused by a sudden discharge of a massive amount of water.

At the hearing, Plaintiffs' counsel insisted that there is at least a triable issue as to whether State Farm's denial was unreasonable because State Farm did not physically inspect the pipe or speak directly with the plumber who repaired it. But to require a physical inspection as the only permissible sign of good faith would be an unworkable demand under these facts. The pipe was fully encased by concrete, so to see the pipe in its original state, a State Farm representative would have had to be present for the plumber's repair, which took place in the middle of a global pandemic. Moreover, no case law supports Plaintiffs' position.

The record does show that State Farm considered the relevant information that would have come from a physical inspection. State Farm's claim specialist reviewed the plumber's invoice which states, "[t]here was a burst in the foundation that needed replacement." (Rofail Decl. ¶ 6 (Docket No. 15-6)). And State Farm reviewed a photo of the damaged pipe that was provided by the owner of the plumbing company with the following caption: "to clarify the photo below: The pipe was completely encased in concrete in the foundation. The discoloration you see is due to the saturation in water, it was extremely wet. The little pieces are chiseled concrete – not dirt."

Although Plaintiffs may disagree with how State Farm handled the claim, there is no evidence to overcome the undisputed conclusion that State Farm's position was not tortious. No rational jury could determine otherwise. Both parties' positions are reasonable, proving that a genuine dispute exists.

Accordingly, the Motion as to Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-03427-MWF (DFMx)	Date:  March 17, 2022
Title:	Mazliach Gamliel et al v. State Farm General Insurance Company, et al

### C. Declaratory Relief

State Farm correctly argues that under California law, a declaratory relief cause of action is not the appropriate remedy if a legal cause of action has accrued. (Mot. at 20) (citing *Travers v. Louden*, 254 Cal.App.2d 926, 929, 62 Cal.Rptr. 654 (1967) (declaratory relief is inappropriate when "the rights of the complaining party have crystallized into a cause of action for past wrongs, all relationship between the parties has ceased to exist and there is no conduct of the parties subject to regulation by the court")). Indeed, the *Travers* court held that it would be an abuse of discretion if a court failed to dismiss a declaratory relief action when a breach of contract action is available. *Id*. at 932.

Plaintiffs' Opposition fails to make any argument in support of their claim for declaratory relief.

Accordingly, the Motion as to Plaintiffs' claim for declaratory relief is **GRANTED**.

### D. Punitive Damages

Plaintiffs' only surviving claim is for breach of contract. However, under California law, "parties cannot recover punitive damages for a breach of contract in the absence of an independent tort, 'even where the defendant's conduct in breaching the contract was willful, fraudulent, or malicious.'" *Riedel v. JP Morgan Chase Bank, N.A.*, No. EDCV1301146VAPSPX, 2015 WL 12657068, at *2 (C.D. Cal. Apr. 3, 2015) (quoting *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 516 (1994)).

Accordingly, the Motion as to Plaintiffs' claim for punitive damages is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-03427-MWF (DFMx)          **Date:** March 17, 2022
**Title:**      Mazliach Gamliel et al v. State Farm General Insurance Company, et al

## IV. **CONCLUSION**

For the reasons set forth below, the Motion is **DENIED** *in part* and **GRANTED** *in part*. Specifically, the Motion is **DENIED** as to Plaintiffs' claim for breach of contract. The Motion is **GRANTED** as to Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing, declaratory relief, and punitive damages. Unless the Court orders otherwise in the future, the existing trial and Rule 16 dates remain in place.

IT IS SO ORDERED.